THE BOARD OF COMMISSIÓNERS OF WYANDOTTE COUNTY *et al.* v. THE KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY.

### No. 160.

ILLEGAL TAXES — *Forced Payment — Recovery.* A payment of illegal taxes, made under protest and to prevent the issuing of a tax-warrant therefor, is not a voluntary payment, and may be recovered back, notwithstanding no warrant or other process had been actually issued for the collection of the same. (*K. P. Rly. Co. v. Comm'rs of Wyandotte Co.*, 16 Kan. 587, followed.)

MEMORANDUM.— Error from Wyandotte district court; HENRY L. ALDEN, judge. Action by The Kansas City, Fort Scott & Memphis Railroad Company against The Board of Commissioners of Wyandotte

county and M. W. Stewart, as treasurer of said county, to recover back illegal taxes paid. Judgment for plaintiff. Defendants bring the case to this court. Affirmed. The opinion herein, filed December 3, 1896, states the material facts.

*Samuel C. Miller*, county attorney, and *I. F. Bradley*, deputy county attorney, for plaintiffs in error.

*Wallace Pratt*, and *Chas. W. Blair*, for defendant in error.

The opinion of the court was delivered by

GARVER, J.: This was an action brought by the defendant in error to recover back from the plaintiff in error certain sums of money paid by the former to the latter in satisfaction of certain illegal taxes assessed for the year 1888, under the provisions of chapter 214 of the Laws of 1887, entitled "An act providing for the improvement of county roads." Since this action was commenced, the act in question has been passed upon by the supreme court, and held to be unconstitutional and void. (*Comm'rs Wyandotte Co. v. Abbott*, 52 Kan. 148.) The only remaining question in the case is whether the payment was voluntary, and, therefore, not recoverable. The case was tried in the district court upon an agreed statement of facts, in which it was stipulated and agreed:

"Said payments were made under due protest of the illegality of the taxes, and with notice to the county that suit would be brought to recover the same. It was paid to prevent the seizure and sale of the railroad property under the warrant of the treasurer, which would have been issued if said taxes had not been paid."

It was also agreed that one-half of said illegal taxes was so paid on December 20, 1888, and the other

half on June 20, 1889. It is contended by the plaintiff in error that the payment should have been held to be a voluntary one, because, when made, no tax-warrant or other process had been issued to collect the same. With this contention we do not agree. A payment of illegal taxes, made under the circumstances shown in this case, is not a voluntary one. This question is too well settled by the decisions of the supreme court to require further discussion. ( *K. P. Rly. Co. v. Comm'rs of Wyandotte Co.*, 16 Kan. 587; *A. T. & S. F. Rld. Co. v. Comm'rs of Atchison Co.*, 47 id. 722.)

Upon the authority of these decisions the judgment is affirmed.

All the Judges concurring.