## 8146

### FOURTH NATIONAL BANK OF GREENVILLE v. CITY OF GREENVILLE.

1. MUNICIPAL TAXES.—Code 1902, 412, 413, and 23 Stat. 972, refer to city taxes as well as county and State, and under them a taxpayer may pay municipal taxes claimed by him to be illegal under protest and sue to recover them.

2. IBID.—NATIONAL BANKS.—A city can only assess and collect taxes of the stockholders of a National bank and not of the bank upon an assessment determined by the county board of equalization for the fiscal year in which the taxes are levied.

Before GAGE, J., Greenville, March term, 1911. Affirmed.

Action by the Fourth National Bank of Greenville against the City of Greenville. The Circuit decree is:

"This is an action at law to recover $912.64 tax money, which the plaintiff claims the defendants wrongly exacted from it in the month of May, 1909.

"At the conclusion of the plaintiff's testimony, the defendant offering none, but relying on the same facts proved by the plaintiff, both sides moved for the direction of a verdict.

"It therefore appeared that there was no issue of fact for the jury; so I discharged the jury and heard argument on the issues of law.

"The plaintiff started business at Greenville, July, 1908.

"In February, 1909, the plaintiff lodged with the county auditor a list of its stockholders, so that such stockholders might be taxed on their shares.

"It was the practice of the defendant when it came, for instance, to levy the tax for 1909, to levy it on the auditor's duplicate for 1908, instead of that for 1909.

"But in the case at bar, the plaintiff or its stockholders did not appear on that duplicate, for the bank had not organized when the duplicate for 1908 was made up.

"It was also the defendant's practice, by a committee of assessors, to add to the auditor's duplicate such taxpayers' names as they should discover liable to taxation, but not on the auditor's duplicate.

"By this practice they added in 1909, in the early months of it, some 300 names, representing some $200,000 of property, on to the duplicate for 1908.

"At the time the tax was actually collected, in May, 1909, the plaintiff's name was not on the county auditor's duplicate, for that book was not completely made up until the month of August, 1909.

"The plaintiff's name and property were therefore written by the city assessors into the copy of the auditor's duplicate of 1908, which the city had.

"The defendant based its motion for direction of a verdict on five grounds; but there are really only three grounds, to wit:

(1) "That an action like this can only be maintained when it is warranted by statute; and there is no such statute about city taxes, but only State and county.

(2) "That the payment of the tax was not involuntary as that word has been construed by the Courts.

(3) "That there is no justice in the plaintiff's case, for the plaintiff was liable for city taxes for 1909.

"The statute law on the subject consists in sections 412 and 413 of the Code of Laws and the acts of February, 1902, at 23 Stats. 972.

"This law clearly has reference to city taxes as well as county taxes; so by its own terms and so by our Courts.

"This law prohibits any order to stay the collection of taxes; and it gives to the person from whom an illegal tax may be exacted, the right to pay under protest and recover back the tax by a suit at law.    71 S. C. 231; 88 S. C. 249.

"If that be, then the able argument of the defendant's counsel, about involuntary payment, falls to the ground.

"But for the statute, the reasoning of counsel and the high authorities which he cited, would be conclusive of his contention.

"Is the plaintiff's action against the justice of the case?

"The plaintiff was not liable for taxes for the year 1908, for it had not started business on the first of January of that year, the time when property is required to be listed

for taxation. The plaintiff only began business in July, 1908.

"It is true the plaintiff was liable for taxes for 1909; but liable only according to the law of the land, and not according to the unwarranted practice of the defendant.

"The plaintiff followed the law; it returned for taxation its shares at the right time, in the right way, and in the right place.

"The defendant's duty was to make a copy of the county auditor's duplicate for 1909, and levy its taxes thereon for 1909.

"The defendant did not do that, but made up a list of taxpayers from two sources; one the county auditor's duplicate for 1908, and the other a report of a committee of assessors designated by the city council.

"There was no legal warrant for such a procedure, and the tax collected thereby is an illegal tax.

"Penalty ought always to follow a breach of the law, and if it does so in this case, the fault is not the plaintiff's, but the defendant's.

"I am, therefore, of the opinion that the plaintiff is entitled to recover judgment against the defendant for nine hundred and twelve and 64-100 dollars, with interest from 10th of May, 1909, and it is so ordered."

The defendant appeals on the following exceptions:

I. "The presiding Judge erred in refusing to direct a verdict in favor of the defendant upon the following ground: An action for the recovery of taxes illegally or wrongfully assessed or levied, can be maintained only under two conditions: (a) Where by statute such action is specifically allowed and provided for; and (b) Where there is no such statute and it appears that the taxes have been paid *involuntarily,* in the legal sense of the term, and in the absence of an adequate remedy to the complaining taxpayer.

II. "The presiding Judge erred in refusing to direct a verdict in favor of the defendant upon the following ground: There is no statute authorizing the institution of an action against a municipality for the recovery of taxes alleged to have been illegally or wrongfully assessed or levied. Section 413 of the Civil Code applies only to taxes collected by county treasurers.

III. "The presiding Judge erred in refusing to direct a verdict in favor of the defendant upon the following ground: The complaint and testimony show that the plaintiff paid an alleged illegal demand with full knowledge of all the facts which might render such demand illegal; that there was no immediate and urgent necessity for such payment; that it was not made to relieve its property from detention or to prevent an immediate seizure thereof. Such payment, therefore, must be deemed in law a voluntary payment and cannot be recovered back, in the absence of a statute authorizing such recovery.

IV. "The presiding Judge erred in refusing to direct a verdict in favor of the defendant upon the following ground: The plaintiff had an adequate remedy before paying such taxes to test the validity of the assessment and levy by injunction. Section 413 making no provision for the recovery of municipal taxes wrongfully or illegally assessed or levied, section 412 providing that an injunction shall not be issued restraining the collection of municipal taxes for any cause, is unconstitutional, in that it abridges the constitutional power of the court of equity and the jurisdiction of the Supreme Court to issue an injunction against the enforcement of wrongful or illegal municipal taxes where the legislature has provided no adequate remedy for the oppressed taxpayer.

V. "The presiding Judge erred in refusing to direct a verdict in favor of the defendant upon the following ground: Even if section 413 were applicable, relief can be obtained

under it only in cases where it is made to appear that the taxes were wrongfully or illegally collected for some reason *going to the merits* of the question. The plaintiff's testimony, at most, shows that the levying of the tax in question upon the plaintiff for the year 1909 was a mere irregularity; upon an assessment less than the assessment for State and county taxes for 1909, upon which the plaintiff claims it should have been levied; and that if allowed to recover the taxes paid by it for 1909, the plaintiff will have been relieved entirely of all municipal taxes from July 20, 1908, to January 1, 1910.

VI. "The presiding Judge erred in holding that sections 412 and 413 of the Code of Laws and the act of February, 1902, 23 Stat. 972, have reference to city taxes as well as county taxes; whereas, he should have held that section 413 applies only to taxes collected by county treasurers; and that section 412, in so far as it purports to prohibit the issuance of an injunction against the collection of municipal taxes illegally levied or assessed, is unconstitutional, in that it abridges the constitutional jurisdiction of a court of equity to enjoin the enforcement of an alleged municipal tax, where no other adequate remedy is provided by law for the relief of the taxpayer against such tax.

VII. "The presiding Judge erred in holding that section 412 prohibits any order to stay the collection of municipal taxes and that section 413 gives to the person from whom an illegal tax may be exacted, the right to pay under protest and recover the taxes by a suit at law. Section 413 has no application to municipal taxes; no adequate remedy is provided by statute for the recovery of municipal taxes illegally exacted; section 412, in so far as it purports to prohibit an injunction against the collection of municipal taxes, is unconstitutional, in that it deprives the court of equity of the constitutional right to issue an injunction

against the collection of illegal taxes, where no adequate remedy is provided by statute for the aggrieved taxpayer.

VIII. "The presiding Judge erred in holding that the plaintiff could proceed, and had the right to recover back the taxes paid under protest by virtue of the provisions of section 413, and that the defendant's contention that the tax was not paid involuntarily falls to the ground.

IX. "The presiding Judge erred in holding that defendant's answer alleged nothing else than that the defendant had complied with the law; on the contrary, the answer denies the allegations of the complaint; and the defendant was entitled to rely in support of such defense, upon the grounds that there is no statute authorizing the institution of an action against a municipality for the recovery of taxes alleged to have been illegally or wrongfully assessed or levied; and upon the ground that the payment of the taxes by the plaintiff was *not involuntary.*

X. "The presiding Judge erred in holding that the tax collected by the defendant was an illegal tax; whereas, he should have held that, at most, the tax was irregularly levied, assessed and collected.

XI. "The presiding Judge erred in not holding that, this being an action for money had and received, the same was subject to the defense assimilated to the defense in equity, that recovery will not be allowed except in case where *ex aequo et bono* the plaintiff establishes his right thereto; that he should have held that the assessment, levying, and collection of the taxes in question upon the plaintiff for the year 1909 was a mere irregularity, upon an assessment less than the assessment for State and county taxes for 1909, upon which the plaintiff claims it should have been levied; and that if allowed to recover back the taxes paid by it for 1909, the plaintiff will have been relieved entirely of all municipal taxes from July 20, 1908, to January 1, 1910.

XII. "That the presiding Judge erred in holding that the plaintiff is entitled to recover judgment against the defendant for $912.64 with interest from the 10th May, 1909, and in ordering judgment therefor."

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: *Sections 412, 413 of Code do not apply to municipal taxes:* 78 S. C. 217, 445; 71 S. C. 235; 88 S. C. 249. *If they do not apply plaintiff cannot recover:* 14 S. C. 520; 2 Rich. 317; 2 Strob. 265; 8 Rich. 260; 2 L. R. A. 626; 15 R. I. 233; 98 U. S. 543; 97 U. S. 181; 8 Kan. 431; 89 U. S. 444; 88 Pa. 136; 31 Pa. 73; 20 Pa. 421; 59 Vt. 131; 26 Minn. 543; 46 Wis. 210; 18 Cal. 265; 16 Kan. 597; 66 Ala. 198; 34 Ala. 400; 14 N. H. 382; 8 Kan. 436; 46 Cal. 589; 58 Wis. 230; 8 W. R. 134; 4 Gill. 425; 31 L. R. A. 331; 89 Am. Dec. 361; 192 U. S. 259. *If it can it will be relieved of municipal taxes to January, 1910:* 15 Rich. 293.

*Mr. J. J. McSwain,* contra, cites: *Code 412, 413 apply to this case:* 71 S. C. 231; 78 S. C. 211; 88 S. C. 251. *National banks are not subject to taxation:* Sec. 5219 United States Rev. Stats; 104 U. S. 462; 100 U. S. 539; Code 1902, 313, 316, 317, 318, 319; 50 S. C. 337; 54 S. C. 564; 48 S. C. 395; 34 Am. R. 15. *Collection should be of stockholders:* 4 Wheat. 316. *Payment was involuntary:* 71 S. C. 231; 41 At. R. 1024; 34 At. R. 814; 94 Am. St. R. 427; 37 Cyc. 1182-3; 116 Am. St. R. 377; 4 L. R. A. 300; 14 S. C. 1; 47 N. E. 593; 5 N. W. 403; 2 At. R. 766; 132 U. S. 13; 111 U. S. 38; 30 Cyc. L. & P. 1307. *Whether payment was voluntary is an issue of fact:* 2 Strob. 257.

March 25, 1912. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This action was instituted in the Court of Common Pleas for Greenville county on March 5, 1910, for the recovery of $912.64, with interest from May

10, 1909, on account of municipal taxes alleged to have been wrongfully and unlawfully collected by the defendant from the plaintiff on May 10, 1909, and paid under protest. The plaintiff's claim is based upon these facts: As a National bank it was organized and started business in July, 1908. In February, 1909, it lodged with the county auditor a list of its stockholders, in conformity with sec. 316, vol. I, Code of Laws, and sec. 5219 Revised Statutes, United States, upon which taxes 1909 were to be assessed at the valuation of $56,525, as afterwards fixed. The city taxes at that time were collectible in January and February of each year, instead of in the fall as State and county taxes are. Assessment rolls are made up by auditor, usually in August, for State and county purposes. The city authorities had fallen into the custom of adopting the assessments for State and county taxes of the year previous, and adding thereto, through a committee of assessors, property acquired during the previous year and not upon the assessment roll of that year. During January, 1909, the property of the plaintiff did not appear upon the county duplicate for 1908, and was assessed or attempted to be assessed by the local assessors at $55,200, and added to the copy of the county duplicate used for the collection of city taxes. The payment of city taxes without penalty was extended from time to time, the last period expiring May 10, 1909. No execution was issued against plaintiff. On May 10, 1909, plaintiff paid taxes and took a receipt, the same showing taxes were paid under protest.

On March 5, 1910, this action was commenced.

The plaintiff attacks the tax upon the ground that the entry upon the tax book of the city was unauthorized, and that the stockholders, and not the bank, was liable for city taxes.

Upon the close of plaintiff's testimony, the defendant offering none, both sides asked for a directed verdict. The

Circuit Judge held that there were no issues of fact for the jury and withdrew the case from the jury, heard argument upon the legal issues, and subsequently filed his decree, rendering judgment for the plaintiff for the full amount demanded.

Defendant appeals upon substantially the same grounds he asked the Court to direct a verdict on, and plaintiff asks affirmance of decree on additional grounds, as well as those which Judge Gage based his decree on. Judge Gage's decree sets out the case fully, and should be reported with the exceptions with the case.

As to the first exception, we see nothing in this. As pointed out by Judge Gage the statute law on the subject consists in secs. 412 and 413, Code of Laws, and acts of February, 1903, at 23 Statutes 972, and clearly refers to city taxes as well as county taxes, and has been so construed by this Court in *Telegraph Co.* v. *Winnsboro*, 71 S. C. 235, 50 S. E. 879, and in the case of *Wood, Mendenhall Co.* v. *City of Greer*, 88 S. C. 251. It was not a cheerful and voluntary payment on the part of the plaintiff, but more in the nature of extortion or a hold-up under forms of law. It paid under protest, as under the laws it could not stay the collection of taxes by application to the Courts. In order to prevent the penalty that would have been added and the issuance of execution to enforce the collection, the plaintiff exercised the remedy given it when an illegal tax was attempted to be exacted, paid it under protest and brought suit at law.

As to the third ground we cannot add anything to what has been so well expressed by Judge Gage in reference to this ground: "The City of Greenville is required by law to collect its taxes from the stockholders of the bank on the assessment as finally determined by the county board of equalization, and may still collect it from

the stockholders under that assessment,"—the taxes for the year 1909. *Milster* v. *Spartanburg,* 68 S. C. 26, 47 S. E. 141.

The exceptions are overruled and judgment of Circuit Court affirmed.