CHICAGO, MILWAUKEE, & PUGET SOUND RAILWAY COMPANY v. BOWMAN COUNTY, NORTH DAKOTA.

(153 N. W. 986.)

**Taxes — payment of, to avoid penalty — part legal — part illegal — payment of all for such purpose compulsory.**

1. The payment of taxes to avoid a penalty, a portion of which taxes are

Note.—That illegal taxes paid under protest or involuntarily can be recovered is in accord with the general doctrine as shown in discussion of similar cases in note in 45 Am. Dec. 164. As to rule where payments are made voluntarily, see authorities in note in 94 Am. St. Rep. 425.

There is a comprehensive discussion of claims for refunding money paid to state, in which are included cases of illegal taxes, in note in 42 L.R.A. 69.

illegal, but the legal portion of which taxes cannot be paid, or at any rate will not be received without the payment of the illegal part, and which penalty will be incurred upon the nonpayment of the taxes, is a payment under compulsion.

**County treasurer — deliver list of delinquent taxes — to sheriff — statute requires — sheriff to distrain and sell — payment of taxes under protest — seizure of property — need not wait for — not voluntary payment — suit to recover illegal tax so paid.**

2. Where the statute, as does that of North Dakota (§ 2166, Compiled Laws of 1913), requires the county treasurer to deliver a list of the delinquent taxes to the sheriff, and upon such delivery requires the sheriff to immediately proceed to collect the same, and to distrain and sell the property upon which the taxes are delinquent, and where neither the treasurer nor the sheriff has the authority to cancel or rebate the illegal taxes, a property owner may assume that the officers of the law will obey the statute, and can pay such taxes under protest, and need not wait until the seizure is actually made or threatened in order that his payment may be involuntary; and if such taxes are illegal may afterwards bring suit for the recovery of the amount so paid.

Opinion filed June 19, 1915.

Appeal from the District Court of Bowman County, *Nuessle,* J.

Action to recover taxes illegally levied, which were paid under protest. Judgment for plaintiff. Defendant appeals.

Affirmed.

Statement of facts by Bruce, J.

This is an action to recover excess taxes to the amount of $451.79, which were paid by the plaintiff railway company under protest to Bowman county, the excess levy being due to the levy of 20 mills for school purposes, when a levy of 17 mills would have produced more than the amount certified to the county auditor by the officers of said school district, and to the levy for general county purposes of a tax of 9 mills upon the dollar, in violation of the provision of § 1539, Rev. Codes 1905, § 2150, Comp. Laws 1913, which places the limit at 8 mills.

The illegality of the excess tax is conceded, and the only defense which is offered by the county is that such excess was voluntarily paid, and therefore cannot be recovered.

It appears from the testimony that when the assessment was first reported by the county auditor to the tax commissioner of the railway company, the 2-mill levy for the county poor was omitted; that when the tax levy was reported the 2-mill levy for the county poor was included; that immediately upon being notified of this 2-mill levy and the 20-mill school levy upon property within the village of Gascoyne, the tax commissioner reported to the county auditor his discovery that the taxation for county purposes exceeded the authorized levy of 8 mills, and that the levy upon the property inside of the village of Gascoyne for school purposes exceeded the amount required to raise the revenue needed for school purposes and exceeded the levy upon property within the same school district outside the village of Gascoyne; that in reply thereto and on January 16th, 1912, the county auditor advised the tax commissioner that he had no authority to make any change inasmuch as his books had been turned over to the county commissioner, and requested the company to correspond with the treasurer; that on January 22d, 1912, the tax commissioner wrote to the county treasurer as requested, and asked him to take the matter up with the county commissioners, and have the correction made, and that in this letter and with reference to the mode of paying the tax he said: "Will it be satisfactory to you if remittance is made of the entire amount of the taxes less the amount which should be canceled, pending the action thereon by the county commissioners? Of course it will be perfectly satisfactory to us to have on the receipts that the entire amount was not remitted. Making the corrections indicated, we make the total amount of all taxes $16,488, instead of $16,939.79 as shown by the statement received from the auditor;" that in answer to this letter the county treasurer, under date of February 17th, 1912, wrote the company that he had taken the matter up with the county commissioners and could do nothing with them, that he understood that the commissioners had directed the auditor to reply to the letter; that at this time the treasurer returned the statements without making the required corrections, and advised the company that he was giving the totals as they showed on his books and as the totals were charged to him, and that he could not accept anything less; that on February 9th, 1912, the auditor again wrote the railway company, advising that the commissioners had refused to make the corrections, because they felt that

if the company were released it would work an injustice upon other taxpayers in the county, and because the state's attorney had instructed the board that the taxes could be collected from the railway company; that thereafter and under date of February 19, 1912, a voucher check in payment of the full amount of the taxes demanded, payable to Bowman county, was mailed by the company to the county treasurer, who deposited the voucher check in the bank; that on this check or draft the following statement was indorsed: "Note.—This payment includes $451.79 paid under protest by said company as set forth in detailed statement referred to above;" that the detailed statement was the same statement of taxes which was sent by the treasurer as a receipt and consisted of a minute and detailed statement of the various amounts, taxes, levies, and rates thereof in each of the tax districts and for each of the funds; that said statement also contained the following explanation and receipt: "Note.—The above statement includes $451.79 which is paid by said company under protest, to wit: One mill on the entire valuation of $417,772, or $417.77, which said company claims is an illegal charge, for the reason that levies for ordinary county revenue, including the support of the poor, is limited to 8 mills by law, while the taxes as charged include levies for said purpose aggregating 9 mills, viz., county tax, 2 mills; county salary fund, 5 mills; county poor, 2 mills; and 3 mills on the valuation in the village of Gascoyne, $11,341, or $34.02, said company claiming that the levy extended against its valuation in said village should have been 17 mills for school purposes instead of 20 mills;" that the receipt proper was as follows: "$16,939.79.   Bowman, North Dakota, February —, 1912. Received of the Chicago, Milwaukee, & Puget Sound Railway Company the sum of sixteen thousand nine hundred thirty-nine and 79-100 dollars in full payment of taxes for the year 1911, levied against the property of the said company in Bowman county, North Dakota, as per detailed statement above, including $451.79 paid under protest, as per memorandum above;" that subsequently and on April 16th, 1912, formal application for the refunding of the said sum of $451.79 was presented by the plaintiff to the board of county commissioners of the defendant county; that this application was acted upon on January 6th, 1913, and disallowed.

*Theo. B. Torkelson,* for appellant.

Before recovery back of taxes paid, it is necessary that it be shown that the taxes were paid involuntarily and under compulsion and protest. St. Anthony & D. Elevator Co. v. Bottineau County (St. Anthony & D. Elevator R. Co. v. Soucie) 9 N. D. 346, 50. L.R.A. 262, 83 N. W. 212.

The payment of taxes under mere protest is not sufficient; there must be compulsion. These taxes were paid while the county treasurer still had them in his hands for collection. Such officer has no authority to employ any form of compulsion. The payment was voluntary. Louisville v. Becker, 139 Ky. 17, 28 L.R.A.(N.S.) 1045, 129 S. W. 311; St. Louis v. Dreisoerner, 243 Mo. 217, 41 L.R.A.(N.S.) 177, 147 S. W. 998; Louisville v. Anderson, 79 Ky. 334, 42 Am. Rep. 220.

Payment of taxes to a mere passive agent who has no right or authority to *compel* payment is a voluntary payment, even though made *under protest.* Payment merely to avoid the penalty is also voluntary. Atchison, T. & S. F. R. Co. v. O'Connor, 28 Ann. Cas. 1052, and cases cited in note.

The rebate and penalty provisions of taxation laws are to induce and encourage property owners to pay their taxes before they become delinquent, or before the date fixed by law when the right of rebate is lost, or the penalty, as in this state, attaches. Louisville v. Becker, 28 L.R.A. (N.S.) 1045, and cases cited in note, 139 Ky. 17, 129 S. W. 311; St. Louis v. Dreisoerner, 243 Mo. 217, 41 L.R.A.(N.S.) 177, 147 S. W. 998.

Where part of a tax is legal and part illegal, the proper method is to pay or tender the legal portion, and resist payment of that portion which is illegal. Farrington v. New England Invest. Co. 1 N. D. 102, 45 N. W. 191; Bode v. New England Invest. Co. 1 N. D. 121, 45 N. W. 197; Douglas v. Fargo, 13 N. D. 467, 101 N. W. 919; Orlando v. Equitable Bldg. & L. Asso. 45 Fla. 507, 33 So. 986; Rev. Codes 1905, § 5259, Comp. Laws, 1913, § 5815.

*William G. Porter, Ed. L. Grantham,* and *Emil Scow,* for respondent.

In this appeal there is no specification of errors; there is no specification of facts which appellant desires this court to review, nor is there a demand for a review of the entire case, or of any specified facts. Therefore all questions of fact are deemed to have been properly decided

by the trial court, and the sufficiency of the evidence is not before this court for determination. Ricks v. Bergsvendsen, 8 N. D. 578, 80 N. W. 768; Security Improv. Co. v. Cass County, 9 N. D. 553, 84 N. W. 477; State ex rel. McClory v. McGruer, 9 N. D. 566, 84 N. W. 363; Douglas v. Glazier, 9 N. D. 615, 84 N. W. 552; Teinen v. Lally, 10 N. D. 153, 86 N. W. 356.

The payment of an illegal tax to avoid an onerous penalty is generally held to make the payment involuntary. 28 Ann. Cas. 1052; Atchison, T. & S. F. R. Co. v. O'Connor, 223 U. S. 280, 56 L. ed. 436, 32 Sup. Ct. Rep. 216.

The payment of the tax was not voluntary so as to estop the plaintiff to recover back. Plaintiff had no equitable remedy. Farrington v. New England Invest. Co. 1 N. D. 118, 45 N. W. 191; Schaffner v. Young, 10 N. D. 245, 86 N. W. 733; Minneapolis, St. P. & S. Ste. M. R. Co. v. Dickey County, 11 N. D. 107, 90 N. W. 260; Chicago & N. W. R. Co. v. Rolfson, 23 S. D. 405, 122 N. W. 343; Gaar, S. & Co. v. Shannon, 223 U. S. 468, 56 L. ed. 510, 32 Sup. Ct. Rep. 236; Atchison, T. & S. F. R. Co. v. O'Connor, 223 U. S. 280, 56 L. ed. 436, 32 Sup. Ct. Rep. 216, Ann. Cas. 1913C, 1050; Arkansas Bldg. & L. Asso. v. Madden, 175 U. S. 269, 44 L. ed. 159, 20 Sup. Ct. Rep. 119.

The right to pay and recover back is the remedy which precludes the right of injunction, or other proceedings in equity. Dows v. Chicago, 11 Wall. 108, 20 L. ed. 65.

Taxes paid under protest may be recovered back. Erskine v. Van Arsdale, 15 Wall. 75, 21 L. ed. 63; Malin v. Lamoure County, 27 N. D. 140, 50 L.R.A.(N.S.) 997, 145 N. W. 582.

Payment to avoid onerous penalty is not voluntary, but if paid under protest, taxes may be recovered back. Maxwell v. Griswold, 10 How, 242, 13 L. ed. 405; Gaar, S. & Co. v. Shannon, 223 U. S. 470, 56 L. ed. 512, 32 Sup. Ct. Rep. 236; Robertson v. Frank Bros. Co. 132 U. S. 17, 33 L. ed. 236, 10 Sup. Ct. Rep. 5; Swift Co. v. United States, 111 U. S. 22, 28 L. ed. 341, 4 Sup. Ct. Rep. 244; Atchison, T. & S. F. R. Co. v. O'Connor, 223 U. S. 280, 56 L. ed. 436, 32 Sup. Ct. Rep. 216, Ann. Cas. 1913C, 1050; Oceanic Steam Nav. Co. v. Stranahan, 214 U. S. 320, 53 L. ed. 1013, 29 Sup. Ct. Rep. 671.

Immediate danger of levy or seizure is not necessary to render the payment involuntary. The laws of this state require the county treas-

urer to deliver a list of delinquent taxes to the sheriff on the first day of October following delinquency. They require the sheriff to immediately collect all such personal property taxes, and to distrain and sell sufficient goods and chattels of the persons charged to pay the taxes with interest, penalty, and costs. The mere lapse of time during which no action could be begun by the taxpayer to restrain collection, or to cancel the tax, or to avoid the acts of the taxing power, will not of itself require the taxpayer to await the arrival of such date at which penalties and interest are added; but at any time after delivery of the tax record to the treasurer, the taxpayer has all the remedies available to him prior to a distraint for such taxes. Stowe v. Stowe, 70 Vt. 609, 41 Atl. 1024; Kansas P. R. Co. v. Wyandotte County, 15 Kan. 587; Atchison, T. & S. F. R. Co. v. Atchison County, 47 Kan. 722, 28 Pac. 999; Atchison, T. & S. F. R. Co. v. Atchison, 47 Kan. 712, 28 Pac. 1000; Wyandotte County v. Kansas City, Ft. S. & M. R. Co. 4 Kan. App. 772, 46 Pac. 1013.

Payment under protest and action to recover back has all sanction of the courts. Gaar, S. & Co. v. Shannon, 223 U. S. 468, 56 L. ed. 510, 32 Sup. Ct. Rep. 236; Atchison, T. & S. F. R. Co. v. O'Connor, 223 U. S. 280, 56 L. ed. 436, 32 Sup. Ct. Rep. 216, Ann. Cas. 1913C, 1050; Swift Co. v. United States, 111 U. S. 22, 28 L. ed. 341, 4 Sup. Ct. Rep. 244; Dows v. Chicago, 11 Wall. 108, 20 L. ed. 65; Arkansas Bldg. & L. Asso. v. Madden, 175 U. S. 269, 44 L. ed. 159, 20 Sup. Ct. Rep. 119; Louisville v. Anderson, 79 Ky. 334, 42 Am. Rep. 220; Chicago & N. W. R. Co. v. Rolfson, 23 S. D. 405, 122 N. W. 343; Stowe v. Stowe, 70 Vt. 609, 41 Atl. 1024; Robertson v. Frank Bros. Co. 132 U. S. 17, 33 L. ed. 236, 10 Sup. Ct. Rep. 5; Harold v. Kahn, 86 C. C. A. 598, 159 Fed. 608; St. Anthony & D. Elevator Co. v. Bottineau County (St. Anthony & D. Elevator R. Co. v. Soucie) 9 N. D. 346, 50 L.R.A. 262, 83 N. W. 212; Preston v. Boston, 12 Pick. 7; Claflin v. McDonough, 33 Mo. 412, 84 Am. Dec. 54; Parcher v. Marathon Co. 52 Wis. 388, 38 Am. Rep. 745, 9 N. W. 23; Rumford Chemical Works v. Ray, 19 R. I. 456, 34 Atl. 814; Malin v. Lamoure County, 27 N. D. 140, 50 L.R.A.(N.S.) 997, 145 N. W. 582; Fourth Nat. Bank v. Greenville, 91 S. C. 81, 74 S. E. 126; Whittaker v. Deadwood, 12 S. D. 608, 82 N. W. 202; American Brewing Co. v. St. Louis,

and notes, 2 Ann. Cas. 825, 187 Mo. 367, 86 S. W. 129; 22 Am. & Eng. Enc. Law, 2d ed. 613, and cases cited; Cooley, Tax. 568, et seq.

BRUCE, J. (after stating the facts as above). The only question that is presented to us by the briefs of counsel for determination is whether the plaintiff was precluded from recovering by reason of the fact that it made a voluntary payment.

We are satisfied that the payment was not so far voluntary as to preclude a recovery. This is not a case where the illegal portion of the taxes was paid in order to obtain a statutory rebate on that portion of the tax which was paid under protest, and this even if we can look upon the penalty as a rebate, but to escape the penalty on that portion and the far larger portion which was admitted to be valid and which the plaintiff was ready and willing to pay. The county auditor and the county commissioners had refused to make any corrections, and the county treasurer had also refused. The treasurer also refused to accept any less than the amount charged on his books against the railway company, and as a matter of fact had no authority to receive any less. It is perfectly evident that the railway company did all that it could to obtain the correction, and everything that was possible in the way of a protest. The question, therefore, is, should it have tendered the amount which it admitted was due, and, if not accepted, deposited it in the bank, or should it have waited before paying the amount until the claim had been turned over to the sheriff for collection?

Was it necessary, in short, that it should wait until its property was actually being seized and distrained before it could claim that it paid not voluntarily but under duress?

If it had waited until the distraint it is quite clear that it would not have saved the penalty upon the large amount of taxes which it was willing to pay and which were legally due. It is perfectly clear that the plaintiff could not have enjoined the distraint or the collection of the taxes, as any such effort would have been met by the answer that there was a remedy at law to recover back the amount illegally collected. Farrington v. New England Invest. Co. 1 N. D. 118, 45 N. W. 191; Arkansas Bldg. & L. Asso. v. Madden, 175 U. S. 269, 44 L. ed. 159, 20 Sup. Ct. Rep. 119; Shaffner v. Young, 10 N. D. 245, 86 N. W. 733; Minneapolis, St. P. & S. Ste. M. R. Co. v. Dickey County, 11

N. D. 107, 90 N. W. 260; Chicago & N. W. R. Co. v. Rolfson, 23 S. D. 405, 122 N. W. 343; Garr, S. & Co. v. Shannon, 223 U. S. 468, 56 L. ed. 510, 32 Sup. Ct. Rep. 236; Atchison, T. & S. F. R. Co. v. O'Connor, 223 U. S. 280, 56 L. ed. 436, 32 Sup. Ct. Rep. 216, Ann. Cas. 1913C, 1050; Bismarck Water Supply Co. v. Barnes, 30 N. D. 555, 153 N. W. 454.

It is also now well established, we believe, that a payment to avoid a penalty which will be incurred upon the nonpayment of taxes, which cannot be paid or at any rate will not be received without the payment of an illegal part, is a payment under compulsion. Maxwell v. Griswold, 10 How. 242, 13 L. ed. 405; Gaar, S. & Co. v. Shannon, 223 U. S. 470, 56 L. ed. 512, 32 Sup. Ct. Rep. 236; Robertson v. Frank Bros. Co. 132 U. S. 17, 33 L. ed. 236, 15 Sup. Ct. Rep. 5; Swift Co. v. United States, 111 U. S. 22, 28 L. ed. 341, 4 Sup. Ct. Rep. 244; Atchison, T. & S. F. R. Co. v. O'Connor, 223 U. S. 280, 56 L. ed. 436, 32 Sup. Ct. Rep. 216, Ann. Cas. 1913C, 1050; Oceanic Steam Nav. Co. v. Stranahan, 214 U. S. 320, 53 L. ed. 1013, 29 Sup. Ct. Rep. 671.

Nor do we believe that plaintiff was compelled to wait until the danger of seizure was immediate or to tender and deposit the amount actually due. The North Dakota statute (chapter 300 of the Laws of 1911, amending § 1554, Rev. Codes 1905, being § 2166, Compiled Laws of 1913) requires the county treasurer to deliver a list of the delinquent taxes to the sheriff on the first day of October. It requires the sheriff to immediately proceed to collect such taxes and to distrain and sell the property upon which the taxes are delinquent at public vendue. Neither the sheriff nor the treasurer has the authority to cancel or rebate illegal taxes. The duty of the sheriff is peremptory and immediate. It is certainly a wise policy to encourage the payment under protest of disputed taxes, rather than withholding from the county the amount or waiting for the seizure to be actually made or threatened. "The proper administration of the fiscal affairs of the government," says the circuit court of appeals in Harold v. Kahn, 86 C. C. A. 598, 159 Fed. 608, "require that the payment of taxes should not be delayed by disputes as to their legality, but that the taxes should first be paid and all questions in regard to them be determined in suits brought for their refunding. It is a wise policy, therefore, that en-

courages the payment under protest." Again, in the case of Kansas P. R. Co. v. Wyandotte County, 16 Kan. 587, we find the following: "But here no warrant had issued. None could legally issue for seventeen days, nor could the company's property be in any manner disturbed before that time, so that there was no danger of instantaneous seizure. On the other hand, there was no further inquiry to be made by any officer or tribunal. The amount of the tax was fixed beyond any opportunity for review. There was no discretion with anyone as to whether a warrant should or should not issue, a levy should or should not be made. The machinery for adjusting the amount of the tax had completed its work and was at rest; only the machinery for collecting was in motion, and it moved with the certainty of fate and the rapidity of time to the finality of seizure and sale. Where the law is imperative, and, giving no discretion, commands the issue of a warrant at a definite time, and the levy under that warrant within a fixed time thereafter, must an individual wait until the last moment, and pay only just as the officer is seizing his property, or may he assume that the officers of the law will obey its precepts, and when all opportunity for consideration, correction, and change has passed, all discretion ended, and the tax roll is in the treasurer's hands, waiting only the lapse of a few days to ripen into a warrant and seizure, may he not then pay to the treasurer, protesting against the legality, and asserting his intention to contest? Does he not then pay to prevent an immediate seizure, one that is certainly and presently impending?" See also Atchison, T. & S. F. R. Co. v. Atchison County, 47 Kan. 722, 28 Pac. 999; Atchison, T. & S. F. R. Co. v. Atchison, 47 Kan. 712, 28 Pac. 1000; Wyandotte County v. Kansas City, S. & M. R. Co. 4 Kan. App. 772, 46 Pac. 1013; Rumford Chemical Works v. Ray, 19 R. I. 456, 34 Atl. 814; Fourth Nat. Bank v. Greenville, 91 S. C. 81, 74 S. E. 126.

The exaction before us was admittedly illegal. If the county retains it at all it will simply be retaining money to which it has no right. The case, indeed, is one to which the language of Mr. Justice Watts of the supreme court of South Carolina, in the case of Fourth Nat. Bank v. Greenville, 91 S. C. 81, 74 S. E. 126, is apt and pertinent: "It was," that learned judge said, "not a cheerful and voluntary payment on the part of the plaintiff, but more in the nature of extortion or a holdup under forms of law. It paid under protest, as under the laws it could

not stay the collection of taxes by application to the courts. In order to prevent the penalty that would have been added, and the issuance of execution to enforce the collection, the plaintiff exercised the remedy given it when an illegal tax was attempted to be exacted, paid it under protest, and brought suit at law."

We have carefully read the cases cited by counsel for appellant, but the reading of none of them tends to shake our confidence in the correctness of the conclusions that we have arrived at. The cases of Farrington v. New England Invest. Co. 1 N. D. 102, 45 N. W. 191; Bode v. New England Invest. Co. 1 N. D. 121, 45 N. W. 197; Douglas v. Fargo, 13 N. D. 467, 101 N. W. 919; and Orlando v. Equitable Bldg. & L. Asso. 45 Fla. 507, 33 So. 986, were not actions to recover taxes illegally exacted, but to redeem from or set aside tax sales. They were equitable actions, and the doctrine was merely upheld that one who seeks equity must do equity and that the plaintiff in such actions must tender or offer to pay the amount of the legal tax as a condition precedent to obtaining relief. The cases are not in any way parallel.

The judgment of the District Court is affirmed.