STATE ex rel. MORRIS HOOTEN v. HAZEL HOOTEN et al.

Middle Section. August 29, 1925.

No petition for Certiorari was filed.

1. **Courts. Jurisdiction. Chancery court held to have jurisdiction of a suit on bond given in compliance with judgment of criminal court.**

When a criminal court took jurisdiction of a case and awarded the custody of a child to the mother requiring her to give bond that she would return it to the father at a stated time and it was stipulated in open court that the bond should be treated as a bail recognizance, held that it was only a controversy between parties and the state was only a nominal party and the relator had right of action on the bond which was within jurisdiction of the chancery court.

2. **Bonds. Where bond is given under an order of court for security of a particular individual, party aggrieved may without assignment bring suit thereon for his own use.**

Where bond is given in compliance with decree of court to insure the return of a child to the father and the condition of the bond is broken the party may sue on bond for his own use under section 4494, Shannon's Code.

3. **Courts. Jurisdiction. Chancery court has jurisdiction of any suit for damages growing out of breach of contract.**

Under Acts of 1915, Chapter 47, Chancery Court of Tennessee has jurisdiction of any suit for damages growing out of breach of contract.

4. **Judgment. A judgment or decree must be void and not merely voidable in order to render it liable to collateral attack.**

A judgment or decree is valid where the court has jurisdiction of the parties and subject matter although erroneous and reversible on appeal, and the same is not subject to collateral attack.

5. **Courts. Jurisdiction. Court held to have jurisdiction of the disposition of a child within its custody notwithstanding decree of court of another state granting custody to another party.**

Where a decree of court granted custody of child to mother and the child was later removed to Tennessee the Tennessee court had jurisdiction to make new disposition of the child.

6. **Damages. Liquidated damages. Bond given for return of child to father held liquidated damages and not a penalty.**
When mother to obtain custody of child gave bond conditioned on return of child to father, held, although amount of bond was set by court yet if no appeal is taken and the decree is acquiesced in, then it must be viewed as a contract and since the damages are uncertain and not able to be ascertained accurately, the amount of the bond will be considered as liquidated damages and not a penalty.

Appeal from Chancery Court, Davidson County; Hon. H. A. Luck, Special Chancellor.

Affirmed.

John W. Hilldrop, of Nashville, for appellant.

Joseph Higgins, of Nashville, for appellee.

DeWITT, J.   The defendants Hazel Hooten, principal and Ernest Rice, surety, bring this appeal from a decree of the chancellor awarding against them a recovery of the full amount of a bond for $1000, given by them in the criminal court of Davidson county in a habeas corpus proceeding, brought by Hazel Hooten to obtain the custody of her infant child from the relator Morris Hooten, the father of the child, from whom Hazel Hotten is alleged to have been divorced in a suit brought by her in the State of Ohio. Morris Hooten, a citizen of Tennessee, had been permitted by the decree of the Ohio court to visit said child while in the custody of the child's mother at her place of residence in Ohio, on certain days of each month, and on the fourth Wednesday of each month to take the child to the home of the parents of Morris Hotten, near Dunbee, Ohio. Upon one occasion of his so taking said child he failed and refused to return him to his mother, but brought him to Tennessee to the home of the mother of Morris Hooten, claiming that the child was in a highly nervous condition, needed medical treatment and was being neglected. The defendant Hazel Hooten thereupon came to Davidson county, Tennessee, and instituted an action of habeas corpus in the criminal court to obtain the possession of the child. Upon the hearing his Honor, Judge J. D. B. DeBow, on July 25, 1923 committed to the mother, Mrs. Hazel Hooten, the custody of the child, and allowed her to take the child to her home in Beach City, Ohio, and retain the custody of the child until it should reach the age of twelve years, but also permitted its father, Morris Hooten, to visit and see said child at the home of its mother one day in each thirty days, and enjoined him from moving said child from Beach City, Ohio, upon said visits. He also provided that during the month of July of each year, beginning July, 1924, the father should have and enjoy the society of said child and be permitted to have said child with him in Tennessee, or elsewhere during said time free from molestation, provided

he pay all expenses of bringing the child to Tennessee and returning him to his mother. Another condition and restriction was that Morris Hooten should execute a bond in the sum of $1000, for the faithful observance of all of the conditions prescribed as to him in the decree, but this is not the bond sued on in this cause. His Honor also as one of the conditions and restrictions required of Hazel Hooten, the defendant herein, the execution of a bond, the decree providing as follows:

> "The custody of said infant is here and now delivered to the mother upon the condition that she execute a good and solvent bond to be spread on the minutes of this court and executed by Tennessee sureties, conditioned for the faithful performance by her of the provisions of this decree, and in case of failure so to do, then the defendant shall have an immediate right of action to recover from said sureties in any court anywhere having jurisdiction, the amount nominated in said bond or recognizance. The amount of said bond shall be in the sum of $1000."

It was further provided that said bond should be renewed from year to year. Pursuant to said decree, the defendant, Mrs. Hazel Hooten, as principal, and the defendant Ernest Rice, as surety, executed a bond on July 17, 1923, which was spread upon the minutes of the court. After the entry of the bond on the minutes is the following recital:

> "It was stipulated in open court by the relator and said surety that above application shall be entered on the minutes and that it shall be treated and held to be a bail recogniznance. Affirmed——DeBow, Judge."

After the bill in this cause was filed, by agreement the sum of $1000 was deposited with the clerk of the criminal court by Ernest Rice, surety and this sum is held at interest in a bank until the termination of this case. The bond thus executed by defendants, after reciting in substance the provisions of said decree, sets forth the following condition:

> "Now, therefore if the relator shall well and truly abide by the decree of the court in this cause in all things, and shall deliver the child to said defendant Morris Hooten on July 1, 1924, to be held by him pursuant to said decree for 30 days, in the month of July, 1924, then this obligation shall be null and void, otherwise to remain in full force and effect. However this obligation shall only be for one year from this date with reference to Ernest Rice, surety, and he is responsible only for whatever judgment rendered by the court may be within said period of twelve months, by reason of any breach of the conditions herein expressed by the relator Hazel Hooten."

Early in July, 1924, the relator in this cause, Morris Hooten at his own expense, sent his sister to the home of Hazel Hooten in Ohio to obtain the custody of the child for the month of July, 1924, as thus allowed by the court, but the defendant Hazel Hooten refused to let her have the child, and thus refused to abide by the provisions of said decree.

She did not testify in this cause, but she appeared through her solicitor and filed an answer, in which she averred that in the divorce proceedings in Ohio she had been given custody of the child; that Morris Hooten had kidnapped the child and brought it to Tennessee in violation of the injunction in said cause, the same constituting a felony for which he had been indicted in Ohio, that the decree of criminal court at Nashville in so far as it required her to give a bond for the delivery of said child to Morris Hooten one month in each year was void; that said child was not a ward of the courts of Tennessee, but was subject to the decree of the Ohio court under section one of article four of the Constitution of the United States, known as the "Full Faith and Credit Clause;" that the only remedy which Morris Hooten had was by appeal from the decree of the Ohio court, which he had failed to perfect, but instead had held in contempt by spiriting the child away.

The relator insists that he is justly entitled to the sum of $1000 under said bond and awarded to him by the decree of the chancellor under the bill in this cause.

The first assignment of error it that the court erred in overruling the motion of defendants to dismiss the bill, on the ground that the court had no jurisdiction, it being an action for a penalty, and also because the relator had no present right of recovery and that the State only could sue. In the support of this assignment it is insisted that the bond shows on its face that it was a bail recognizance and therefore was subject to forfeiture in the criminal court and that any recovery thereon inured to the State of Tennessee. This assignment is overruled. This was not a criminal prosecution, but a controversy between persons, the state being only a nominal party under the suit. The bond was entered upon the minutes of the court for the purpose of fixing a lien upon the property of the surety. This is evidently the reason why it was termed a bail recognizance. Courts look through the superficial aspects, or terms, of an instrument to the real substance. The bond was manifestly intended as security to the relator for the enjoyment of the privilege of having his child with him for one month, or as compensation to him for whatever he might suffer in expense, loss of time, etc. from a failure to perform the same. The decree pursuant to which the bond was given, expressly recognizes a right of action in the relator upon said bond in the following provision:

"In case of failure so to do, that is, deliver the child, then the defendant shall have an immediate right of action in any court having jurisdiction, for the amount named in the bond."

Further, we are of the opinion that the relator has the right to sue upon this bond by virtue of section 4494 of Shannon's Code of Tennessee, which is as follows:

"For any breach of an official bond or undertaking of any officer executor, administrator or guardian or of bond or undertaking required to be given by law for the security of the public generally, or of particular individuals, the party aggrieved, may without assignment bring suit thereon for his own use, giving security for costs and being liable therefor as if the suit had been brought in his own name."

No appeal was taken by the defendant Mrs. Hazel Hooten, the relator in said habeas corpus proceeding, from the decree therein, nor was any protest made or exception taken thereto. And on the other hand, while the execution of the bond may not have been agreeable to the relator therein, she did execute it in compliance with the decree and thereby obtained the custody of the child and took him out of the State. She thus entered into a contract with the father of the child, either to allow him to have the child for the month of July, 1924, or to pay him a sum of money. The chancery court has jurisdiction of any suit for damages growing out of a breach of contract under the Act of 1915, Chapter 47.

It is insisted that the decree of the criminal court is void because in the divorce suit in Ohio the decree was res adjudicata. The evidence adduced before the judge is not in the record and it is to be presumed that the evidence justified the decree. However a transcript of the divorce proceedings is in the record. The defendants insist that the decree of the Ohio court is binding; that that court had jurisdiction over the parties. There is no affirmative pleading in this record attacking the validity of the decree of the criminal court of Davidson county, but if there were such pleading it would constitute a collateral attack upon a judgment merely voidable at most, not void. A judgment or decree must be void and not merely voidable in order to render it liable to collateral attack. Railway Co. v. Brooks, 90 Tenn., 161; Vanvabry v. Staton, 88 Tenn., 334; Robertson v. Winchester, 85 Tenn., 171. The court had jurisdiction of the parties and the subject matter and therefore the decree is not void. A judgment or decree is valid where the court has jurisdiction of the parties and subject matter, although erroneous and reversible on appeal. Vanvabry v. Staton, supra; Wilcox v. Morrison, 9 Lea, 699; Robertson v. Winchester, supra; The divorce suit was brought in the county in Ohio in which the wife resided. The husband, the defendant, was served with process,

appeared and filed an answer. The judge of the criminal court was of the opinion that the decree in the divorce suit was invalid because Mrs. Hooten did not have a domicile in Ohio when her husband's domicile was in Tennessee; but he did not base his decree upon this ground. The parties were married on July 6, 1919, in Canton, Ohio, and Mrs. Hooten has at all times been actually a resident of Stark county, Ohio. She and her husband lived together there about one week, at the end of which he left her to go to a sanitarium in North Carolina, and then he went to his place of residence in Tennessee. Ordinarily the husband's domicile determines that of the wife, regardless of the place of her actual residence. Hascall v. Hafford, 107 Tenn., 355. But it is held in many cases that for the purpose of procuring a divorce an innocent wife may have another domicile than that of her husband; that she may acquire a residence within the State, although her husband resides out of the State. Burlen v. Shannon, 115 Mass., 448; Barber v. Barber, 21 How., 594; Harteau v. Harteau, 31 Mass., 181, 25 Am. Dec., 372; Kendrick v. Kendrick, 188 Mass., 550, 75 N. E., 151; Dunn v. Dunn, 59 Kans., 773, 52 Pac., 69. Under these decisions the husband's removal could not affect her domicile so as to deprive the court of jurisdiction. But the judge of the criminal court based his decree upon his right to consider what would be to the best interest of the child. This we think that he had a right to do without regard to the validity or invalidity of the decree of the Ohio court. This rule is set forth in Kenner v. Kenner, 139 Tenn., 223, in which the Supreme Court through Chief Justice Neil held that in the case of the removal of a child to another State than that in which the custody of the child had been awarded, even when such removal was within the custody of the parent to whom that custody had been awarded by the foreign decree of divorce, the courts of the State to which the removal has been effected will have the power, on a change of circumstances showing such course was to the best interests of the child, to make a new disposition of the child; citing People, ex. rel. v. Hickey, 86 Ill. App., 20; Re Bort, 25 Kans. 308, 37 Am. Rep., 255; Re Alderman, 157 N. C., 507, 74 S. E. 126, 39 L. R. A. (N. S.), 988. We are therefore of the opinion that the decree of the criminal court is not subject to attack in this proceeding, and that said court had jurisdiction to pronounce said decree.

The second assignment of error is that the court erred in holding that the appellee in this cause was entitled to a decree for the face of the bond. We have already held that the appellee had the right to sue on this bond. It is insisted that the provision of this bond is for a penalty and not for liquidated damages. The rule is that any stipulation for payment of a stated sum, in the face of breach,

is to be interpreted with a view of carrying into effect the intention of the parties. The parties can better appreciate the consequences of their failing to obtain the objects in view than either judges or juries. Where a contract is of such a character that the damages which must result from a breach of it are uncertain in their nature and insusceptible of proof by reference to any pecuniary standard, it is deemed especially fit that the parties should liquidate them, and any stipulation that they make ostensibly for that purpose receives favorable consideration. Sutherland on Damages, Vol. 1, page 868.

"Where the amount stipulated as liquidated damages would be grossly in excess of the actual damages, the courts hold it as a penalty. Where the actual damages were uncertain and difficult of ascertainment, they hold them as liquidated damages. No form of words has been regarded as controlling; but the fundamental rule, so often announced, is that the construction of these stipulations depends in each case upon the intent of the parties as evidenced by the entire agreement considered in the light of the circumstances under which it was made." Sutherland on Damages, Vol. 1, page 841.

"The difficulty in assessing the damages is of great importance in determining whether the provision is for liquidated damages. If the contract is for a matter of uncertain value, and a reasonable sum is fixed by the parties as the amount to be paid on breach, that sum, though actually called a penalty in the instrument, is recoverable as liquidated damages if the obligation be not in fact performed." Railroad v. Cabinet Co., 104 Tenn., 578; Creek Coal Co. v. Tennessee Coal Co., 106 Tenn., 651; Tennessee Mfg. Co. v. James, 91 Tenn., 154; 17 C. J., 941; 8 R. C. L., 568.

It should be remembered that while the amount of the bond was fixed by the court, no appeal was taken. The decree was acquiesced in and the bond was given. It was a compliance with a requirement of the court and therefore must be viewed as a contract. The evidence shows that the appellee has been subject to much expense for attorney's fees and transportation. He has been subject to mental distress due to disappointment and apprehension that he would not get to see his child for a long time. He was not able to ascertain how his child was getting along. It is impossible to determine in so many dollars and cents the actual damages suffered by the appellee. If we view the bond as penal we cannot say that the actual damages are less than the full amount thereof; certainly the appellee has suffered much damage by the breach and certainly the amount stipulated would not be grossly in excess of the actual damages. We are therefore of the opinion that the

chancellor did not err in awarding a recovery for the full amount of the bond.

It is insisted that the appellee, by the contempt of the higher court, made it possible for him to bring the child within the jurisdiction of the court of this State, and therefore he should be repelled. We do not deal in this cause with his violation of the decree of the Ohio court. For this he has been indicted and may be tried and punished in Ohio. On the other hand the appellant Hazel Hooten has violated a decree of the criminal court of Tennessee and in this cause she is being required to perform that which is the consequence of her conduct. She has been guilty of bad faith with the court. She shows no penitence therefor. Her attitude is one of defiance. For wilful breach of her obligation she is not in a position to pray for relief from its provision. Pomeroy on Equity (5 Ed.), sec. 450. The assignments of error are overruled and the decree of the chancellor is affirmed. The costs of this appeal will be adjudged against the appellants Hazel Hooten and Ernest Rice and the sureties on their appeal bond.

Faw, P. J., and Crownover, J., concur.