WESTERN UNION TELEGRAPH CO. v. TOWN OF WINNS-
BORO.

LICENSE TAX—INJUNCTION.—No order of injunction could be lawfully issued by any Court or Judge of this State to stay the collection of a license tax, even if it is plainly discriminatory, extortionate, unjust or illegal, but the tax should be paid and the taxpayer should resort to his statutory action to recover it.

Before Mr. Justice Gary, September, 1904.   Affirmed.

Action by Western Union Telegraph Co. against Town of Winnsboro.   The following is the order appealed from:

"This is an application for a temporary order enjoining the town of Winnsboro from collecting a license tax of $35 against the Western Union Telegraph Company, 'for business done exclusively within the town of Winnsboro, but not including any business done to or from points without the State, or interstate commerce, and not including any business done for the government of the United States, its officers or agents,' on the ground that said tax is discriminatory and excessive, and, therefore, illegal.

"The first question to be determined is whether the Court has the power to grant such an order.    Section 412 of the Code of Laws is as follows: 'The collection of taxes shall not be stayed or prevented by any injunction, writ or order, issued by any Court or Judge thereof.'    The provisions of this section are the same as those of section 339 of the Revised Statutes of 1893, which was amended by the act of 1902, page 972, so as to read as follows: 'The collection of taxes shall not be stayed or prevented by any injunction, writ or order, issued by any Court or Judge thereof: *Provided,* That this section shall only apply to State, county, city, town and school taxes; and taxes voted by townships in aid of railroads, where the roads have been completed through said townships.'    See, also, section 5 of the act of 1902, p. 970.

"After careful consideration, I am satisfied that it was the intention of the legislature to prevent the Courts from granting orders of injunction staying the collection of municipal taxes, as well as the other taxes mentioned in said section.    Having reached this conclusion, the other questions are not properly before me for consideration.

"It is, therefore, ordered, that the application for a temporary order of injunction be refused, but without prejudice to the right of the Western Union Telegraph Company to institute such other proceedings as are allowed by law, for the purpose of determining whether said tax is illegal."

The plaintiff herein appealed from this order, alleging error,

"I. In holding that the act of February 26th, 1902 (23 Stats., 972), prohibiting the issuing of injunctions against the general taxes therein mentioned, embraced also the prohibition of an injunction against license, occupation or privileged taxes, when said act nowhere mentions this peculiar (license) tax.

"II. In not holding that an injunction should issue enjoining the enforcement of the unlawful and unjust license tax on the calling or business of the plaintiff, transmitting intelligence by electricity, which said ordinance shows that it is for a lump sum, and no effort made to graduate it by amount of business done, as required by sec. 1983, of vol. 1, of Revised Statutes of 1902, the said system of license tax being special, in that it is not a tax on persons or property referred to in the first sentence of sec. 6, art. VIII., of the State Constitution, but is the license or privileged tax embraced in the second sentence thereof, and has been recognized in the State for years, and is not governed by the standard of uniformity, and is in other respects different from the general taxes that are forbidden to be enjoined.

"III. That in deciding that a license privilege or occupation tax was not to be enjoined, and was included in the general taxes enumerated in 23 Stats., 972, against the enforcement of which an injunction should not issue, Mr. Associate Justice Gary erroneously decided said license tax was a general tax therein enumerated and prohibited; whereas, he should have held that a license tax is *sui generis,* particular and peculiar, without any requirement of uniformity or equal rate, but graduated according to sec. 6, art. VIII., of the State Constitution, and sec. 1983 of the Revised Statutes, and the recognized usage in the State from time immemorial, and is entirely a different charge from that one generally known as taxes."

*Messrs. Buchanan & Hanahan,* for appellant, cite: 1 High on Inj., secs. 536, 537, 562; 59 S. C., 396; 1 Dill Mun. Corp., secs. 357, 368; 21 S. C., 326; 16 S. C., 53.

*Mr. W. W. Dixon,* contra, cites: 23 Stat., 972, 970. 969; Code, 1902, 412; Black. Tax. Title, 1; 21 Ency., 2 ed., 774; 23 S. C., 76; 66 S. C., 43.

March 23, 1905.   The opinion of the Court was delivered by

MR. W. C. BENET, *acting Associate Justice in place of* MR. JUSTICE GARY, *disqualified.*   There is only one question properly before the Court in this appeal, namely: Was it error in Mr. Justice Gary to refuse to enjoin the collection of a license tax imposed on the Western Union Telegraph Company, petitioner, by the town of Winnsboro, respondent?

It appears that the petitioner applied to Mr. Justice Gary, at chambers, during vacation, for an order to enjoin the collection of a license tax of thirty-five dollars imposed on the petitioner, the telegraph company, for carrying on its business in the town of Winnsboro.  The petitioner moved for the order on the ground that the license tax was discriminatory and excessive, unreasonable and extortionate, and, therefore, illegal—"an unjust and unlawful burden."   His Honor, the Associate Justice, heard the matter on a return to a rule to show cause, and refused the order of injunction applied for.   Being satisfied that the municipal assessment in question was a tax coming within the purview of the tax laws of this State, he held that there was no power in him nor in any Judge nor Court in this State to grant an order of injunction to prevent or stay the collection of taxes, whether State or municipal.   He also held that having come to this conclusion the other questions, as to the nature of the license tax—that it was discriminatory, extortionate, unjust and illegal—were not properly before him for his consideration.   From this refusal to enjoin the

collection of the license tax the petitioner appealed. The order of Mr. Justice Gary, and the petitioner's grounds of appeal, should appear in the report of this case.

The appeal must be dismissed. We cannot see how Mr. Justice Gary could have granted the order of injunction applied for, in the face of our tax laws and the decisions of this Court. In section 412 of our 1902 Code of Laws, vol. 1, we read that "the collection of taxes shall not be stayed or prevented by any injunction, writ, or order issued by any Court or Judge thereof." This was amended by the act of 1902 (23 Stat., 972), by the addition of the following *proviso: "Provided,* That this section shall only apply to State, county, city, town and school taxes, and taxes voted by townships in aid of railroads, where the roads have been completed through said townships." This is the law, whether the tax be light or burdensome, just or unjust, legal or illegal. But for such a statute the wheels of government, both of State and town, could at any moment be clogged or stopped by injunctions staying the collection of taxes. Our Courts have uniformly sustained this law. See, for example, *Chamblee* v. *Tribble,* 23 S. C., 70. This law may sometimes seem harsh and oppressive, and in some cases it may work hardship; but the aggrieved taxpayer is not left remediless. Section 413 comes to his relief by providing that "if he conceives the tax to be unjust or illegal for any cause," although he must pay the tax, he may do so "under protest," and then in due time he may "bring an action against the county treasurer for the recovery thereof," and if he prevail in such proceeding by showing that the tax was "wrongfully or illegally collected," he shall have his tax refunded. Mr. Justice Gary's order is careful to do no prejudice to this right which the telegraph company may yet exercise.

We are bound to hold that the "license tax" imposed on the petitioner by the town of Winnsboro is a tax in the ordinary acceptation of that term, and that as such it comes within the provisions of our tax laws, and, therefore, of

sections 412 and 413, and of the act of 1902, quoted above. Being enacted, as the record shows, solely for the purpose of revenue, it is a tax; also, because by paying it the taxpayer acquires the right to carry on his business in the town imposing it, it is a license; hence it is properly called a license tax. No order of injunction, therefore, could lawfully issue to stay or prevent the collection of this tax, even if it plainly exhibited all the objectionable features ascribed to it by the petitioner.

It is the judgment of this Court, that the order of Mr. Justice Gary be affirmed and the appeal dismissed.