## 7843

### WOOD-MENDENHALL CO. v. CITY OF GREER.

1. CITIES AND TOWNS.—UNDER AN ORDINANCE PROVIDING LICENSES for a "paint shop or contractor," "blacksmith shop," a license for conducting a "blacksmith shop" covers such painting as is incidental to finishing up a blacksmith job, but not such painting as is outside of and not connected with "blacksmithing." A city is not bound by the construction put on its ordinances by its mayor and clerk.

2. IBID.—IBID.—An ordinance not graduated according to the provisions of the statute is not lawful.

3. IBID.—IBID.—The remedy of one alleging license to be unlawful is to pay under protest and sue to recover the amount.

Before WILSON, J., Greenville.    Affirmed.

Action by Wood-Mendenhall Co. against City of Greer in Court of Magistrate Samuel Stradley. From Circuit order affirming judgment of Magistrate Samuel Stradley, defendant appeals.

*Messrs. McCullough & Blythe,* for appellant, cite: *City authorities in issuing license act in a ministerial capacity:* 37 S. W. 478; 42 Am. R. 369; 12 Pac. 484.

*Messrs. Haynsworth & Haynsworth,* contra, cite: *License tax not properly levied is not valid:* 34 S. C. 244; 30 S. C.

15; Art. VIII, secs. 3, 6.  *One tax on the business covers all:* 21 Ency. 814; 32 So. 1007; 55 Ga. 33; 3 S. W. 328; 66 Ill. App. 290; 5 L. R. A., N. S. 619; 45 S. C. 602; 76 S. C. 218; 115 S. W. 742; 9 S. W. 294; 49 S. W. 26; 90 S. W. 594; 111 S. W. 351; 25 So. 280; 27 So. 30.  *Tax paid under protest may be recovered:* 2 Dill. Mun. Corp., sec. 943; Code 1902, 412, 414; 34 S. C. 242; 49 S. C. 449; 71 S. C. 231.

March 27, 1911. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.  Plaintiff was conducting in the city of Greer a general merchandise business and, in connection therewith, a general repair shop, in which blacksmithing, woodwork and painting were done.  The repair shop was generally known as "Mendenhall's blacksmith shop."  Plaintiff also did painting in said shop which was not incidental to the blacksmithing, that is, jobs of painting on which no blacksmithing was done.  An ordinance of the city required the payment of an annual license on certain businesses,—among others,—the following: "blacksmith shop," "merchants," "paint shop or contractor."  On February 1st, 1909, plaintiff was given a license to carry on for one year the business of "merchandise and blacksmith." This license was understood by plaintiff to cover all its business, and the mayor and city clerk then in office so construed the ordinance.  Sometime in July, 1909, demand was made upon plaintiff that it pay a license for the business of a "paint shop."  The demand was refused, and plaintiff was tried, convicted and fined $100.00 in the city court for carrying on the business without a license.  Under threat of continual prosecution for carrying on the business without a license, plaintiff paid the license, "under protest," and brought this action to recover the amount paid.  Plaintiff alleges that the license obtained in February covered and was intended to cover all its business, including that of

painting, and that the exaction of the additional license was illegal; that the ordinance under which it was exacted is illegal, because it violates the statute authorizing such licenses, in that it fails to graduate them in the manner prescribed by the statute. The Circuit Court held that the license paid in February was intended to cover and did cover all of plaintiff's business, and that the city could not exact an additional license before the expiration of the year for which the first was given, and gave judgment for plaintiff.

The Court erred in the grounds upon which it rested its decision. It is true that the painting which is merely incidental to the finishing job of blacksmithing might properly be included in and covered by a license to carry on the business of "blacksmithing;" but it appears that plaintiff did painting outside of and not connected with the business of "blacksmithing." That was a business separate from and independent of that of "blacksmithing," and was not covered by the license. The city was not bound by the construction of the ordinance by the city clerk and mayor. The finding that the license did cover the entire business of plaintiff is without any evidence to support it.

But the other ground upon which plaintiff seeks to recover is well taken. The ordinance violates the statute under which the license is authorized, in that it is not graduated in the manner therein prescribed. The statute provides: "That said license shall be graduated according to the gross income of the persons, firms or corporations required to pay such license, or upon the amount of capital invested in said business." Code, sec. 1983. The powers conferred upon municipal corporations are strictly construed, and must be exercised in precise conformity with the grant. *White* v. *Rock Hill,* 34 S. C. 242, 13 S. E. 416; *Luther* v. *Wheeler,* 73 S. C. 39, 52 S. E. 874; 4 L. R. A., N. S. 746n.

For failure to graduate the license in the manner prescribed by the Statute, the ordinance is illegal and void.

The plaintiff pursued the course prescribed by the statutes in such cases. He paid the tax under protest, and sued to recover the amount paid. *Telegraph Co.* v. *Winnsboro,* 71 S. C. 231, 50 S. E. 870.

The judgment being right, is affirmed.