## 10665.

### ATLANTIC COAST LINE RAILROAD CO. v. TOWN OF TIMMONSVILLE

#### (108 S. E. 83)

Licenses—Railroad Entitled to Recover Amount Paid, In Absence of Evidence That Tax Was Levied on Gross Income and Capital Investment.—Railroad suing to recover license taxes imposed by ordinance enacted pursuant to Civ. Code 1912, § 2947, paid under protest, *held* entitled to the recovery of the taxes paid in the absence of evidence that the tax was levied either upon the gross income or upon the amount of capital invested as required by such statute.

Before Shipp, J., Florence, May, 1920. Appeal dismissed.

Action by Atlantic Coast Line Railroad Company against the town of Timmonsville. Judgment for plaintiff and defendant appeals.

*Messrs. Whiting & Baker,* for appellant, cite: *License tax by cities and towns regulated*: 1 Civ. Code 1912 Sec. 2947. *Authorized under Sec.* 6 Art. VIII. Const. 1895. *Tax must be just*: 59. S. C. 427. *Power must be exercised in precise conformity with grant*: 88 S. C. 249.

*Messrs. F. L. Willcox and J. M. Lynch,* for respondents, cite: *Tax must be graduated and so apparent on face of the ordinance levying it*: 88 S. C. 249. *Case at* 59 *S. C.* 396, *decided before Act of* 1901 (23 Stat. 649) *required graduated license.*

June 30, 1921.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

The following statement appears in the record:

"This action is brought for the recovery of license taxes paid by plaintiff to defendant under protest in the years 1915 and 1916. The complaint sets forth two causes of ac-

tion similar in form, the first being the recovery of $300 paid as license tax for the year 1915, and the second for the recovery of $300 paid as license tax for the year 1916; each cause of action alleging, in substance, the assessment of the tax by ordinance of the town of Timmonsville, the payment under protest duly made, and the contention that the license tax required of plaintiff was improperly imposed, of a confiscatory character, and not graduated as required by statute. The answer of defendant admits the payment of the taxes under protest duly made, but alleges that the said tax was lawfully and properly imposed in the pursuance of the power vested in the corporate authorities of the town of Timmonsville to assess and collect such taxes for corporate purposes. The case was brought to trial before Judge S. W. G. Shipp at the May, 1920, term of the Court of Common Pleas at Florence, S. C.

Section 2947, Code of Laws 1912, provides:

"Said city or town council may, and they are hereby authorized annually to require by ordinance the payment of such reasonable sums of money as a license by any person or persons, corporation or corporations, engaged or intending to engage in any calling, business, occupation or profession, in whole or in part, within the limits of said cities or towns, except those engaged in the calling or profession of teachers or ministers of the gospel; provided, that said license shall be graduated according to the gross income of the persons, firms or corporations required to pay such license, or upon the amount of capital invested in said business."

It was admitted by counsel for defendant that the tax, the subject-matter at issue, was paid under protest for the years 1915 and 1916. Plaintiff introduced license ordinance of the town of Timmonsville, No. 39, ratified June 28, 1915; the provision relating to railroads being as follows:

"Railroads, steam, for business done exclusively within the town of Timmonsville, and not including any business done to or from points without State, and not including any business done for the government of the United States, its officers or agents, for each company as follows: Atlantic Coast Line Railroad Company, $300. C. A. & W. Ry. (Seaboard Air Line Ry. Co.), $50."

At the close of the testimony his Honor thus ruled:

"Gentlemen of the Jury: You have heard the testimony in this case and you have heard the statute read, which provides that whenever a municipal corporation undertakes to levy a license tax that there are two ways in which they must proceed to levy the tax. One way is to find out what the capital stock of the concern sought to be taxed is, and tax it according to its capital stock; and the other way is to find out what its gross income is, and tax it that way. When you undertake to tax people in any other way except upon the capital stock invested or their gross income, it is an illegal tax. The law provides that a person may pay the tax under protest and bring suit and have the legality of the tax settled.

"They have introduced an ordinance here which failed to show that the town of Timmonsville taxed the railroad company, either according to the capital stock invested or the gross income.

"It is wholly a question of law and does not involve any question of fact, and, as a matter of law, I hold that the plaintiff is entitled to recover this tax. So, Mr. Foreman, you will write a verdict for the plaintiff."

The defendant appealed on the following exceptions:

"(1) The Court erred in refusing to grant the motion for a nonsuit made by defendant at the close of plaintiff's testimony; the error being that the testimony offered by plaintiff fails to show that the taxes issued against the defendant, for the recovery of which this action was brought,

were not properly graduated and assessed in accordance with the constitutional and statutory provisions relating to license taxes.

"(2) The Court erred in holding that the proposed testimony relating to the method of determining the amount of license tax assessed against defendant was incompetent; it being respectfully submitted that such testimony was competent for the purpose of showing that the said tax was properly and fairly graduated and assessed.

"(3) The Court erred in directing a verdict against the defendant; it being respectfully submitted that the burden of proof rests upon the party attacking the validity of an ordinance, and that no evidence was offered by defendant tending to show that the license tax paid by defendant had not been fairly and properly graduated and assessed in accordance with constitutional and statutory requirements."

The ruling of his Honor, the presiding Judge, is sustained by the case of *Wood-Mendenhall Co. v. City of Greer,* 88 S. C. 249, 70 S. E. 724.

Appeal dismissed.