14693

WEATHERS v. CITY OF LAURENS

(197 S. E., 317)

*Mr. O. L. Long,* for appellant,

*Messrs. W. T. Bolt* and *Robert L. Gray,* for respondent,

May 26, 1938.

The opinion of the Court was delivered by MR. WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE.

This cause was commenced on August 16th, 1937, by the respondent, W. E. Weathers. In his complaint he alleges that during the consecutive years from 1912 to 1934 inclusive he was illegally taxed by appellant, City of Laurens; that he paid the said taxes under protest; and is entitled to a return thereof.

He alleges illegality in the taxation by reason of the fact that his property and his store located upon the property are outside of the territorial limits of the City of Laurens, and are therefore not subject to taxation by the city.

To the complaint the appellant, City of Laurens, interposed a demurrer, as follows:

"The defendant, The City of Laurens, hereby demurs to the complaint heretofore served upon it in the above entitled action upon the ground that the allegations of the complaint are insufficient to state a cause of action."

No issue is made on this appeal as to the sufficiency of this demurrer. However we take this opportunity to point out to the members of the bar that Section 459 of the Code requires that "the demurrer shall distinctly specify the grounds of objection to the complaint." A compliance with this section of the Code would have required the above demurrer to state specifically the particulars in which the allegations of the complaint are insufficient to state a cause of action. This requirement is in order that the adversary may have notice of the precise issue to be met upon the argument on the demurrer.

The demurrer was argued before Hon. G. Duncan Bellinger, presiding Judge, and he issued his order overruling same. From this order the City of Laurens appeals to this Court.

Appellant takes the position that even if it be granted that the property is located outside of the limits of the city, and that the taxes have been illegally collected by the city, and

that the taxes have been paid under protest, that the complaint shows on its face that the action was not brought within thirty days after making such payments, and that therefore under the terms of Sections 2846 and 2847 of the 1932 Code the complaint does not state a cause of action.

These two sections of the Code provide, *inter alia:*
"§ 2846. How to Proceed in Case of Claim That Tax is Illegal.

"In all cases in which any county, State, or other taxes are now or shall be hereafter charged upon the books of any county treasurer of the State against any person, and such treasurer shall claim the payment of the taxes so charged, or shall take any step or proceeding to collect the same, the person against whom such taxes are charged, or against whom such step or proceeding shall be taken, shall, if he conceives the same to be unjust or illegal for any cause, pay the said taxes notwithstanding, under protest, * * * and the person so paying said taxes may at any time within thirty days after making such payment, but not afterwards, bring an action against the said county treasurer for the recovery thereof in the court of common pleas for the county in which such taxes are payable."

"§ 2847. No Other Remedy but the One Provided. There shall be no other remedy in any case of the illegal or wrongful collection of taxes or attempt to collect taxes * * * than that herein provided."

This Court has construed these two sections of the Code to apply to city taxes. *Fourth Nat. Bank v. City of Greenville,* 91 S. C., 81, 83, 74 S. E., 126; *Western Union Telegraph Co. v. Winnsboro,* 71 S. C., 231, 50 S. E., 870; *Wood-Mendenhall Co. v. Greer,* 88 S. C., 249, 70 S. E., 724.

Respondent's complaint clearly comes within the terms of these sections of the Code. Section 2847 specifically provides that "there shall be no other remedy in **any** case of the illegal or wrongful collection of taxes * * * than that herein provided."

Section 2846 provides specifically that suit may be brought at any time within thirty days after making payment, but not afterwards.

This limitation on actions of this nature is entirely reasonable. It is necessary that the officers of a city's government be informed of the amount of collected tax monies upon which they may depend in their calculations in the preparation of the operating expenses of the city government. For the promotion of certainty in this important matter, the statute provides the thirty-day limitation for the commencement of suits for the recovery of tax monies paid under protest.

Respondent herein commenced this suit in 1937 for the recovery of taxes paid by him under protest during the years from 1912 to 1934 inclusive. It necessarily follows that appellant's exception must be sustained.

It is therefore ordered that the order overruling the demurrer be reversed and the complaint be dismissed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.