17178

C. A. SPELL, Respondent, v. WALKER S. TRAXLER, Appellant
(93 S. E. (2d) 601)

467

*P. Kramer, Esq.,* of Summerville, *for Appellant,*

*Messrs. J. D. Parler* and *N. H. Hamilton,* of St. George, *for Respondent,*

July 2, 1956.

LEGGE, Justice.

C. A. Spell brought this action against Walker S. Traxler to compel specific performance of his contract to purchase from Spell certain real estate. Traxler appeals from an order overruling his demurrer to the petition.

The petition, omitting the first two paragraphs, which were formal, and omitting detailed description of the real estate in question, was as follows:

"3. That heretofore on the 8th day of December, 1951, the Petitioner was the owner in fee simple of the following tract of land (describing it). The said premises are known as the 'Home Place' of the late Charles Spell, and was devised by the said Charles Spell in and by his last will and testament to his wife, Mrs. Anna Prudence Spell, and was thereafter devised by the said Mrs. Anna Prudence Spell in and by her last will and testament to the said C. A. Spell.

"4. That the Petitioner acquired title to the tract above described by the last will and testament of Anna Prudence

Spell. Item 3 of said will reads as follows: 'In the event that Henry A. Spell should die before his father, C. A. Spell, it is my will·that the executors hereinafter named handle this estate to the one in the family that is most worthy and beneficial'. That after the death of Henry A. Spell the executors of the last will and testament of Anna Prudence Spell, by their certain deed dated 17th. day of July, 1948, conveyed to Petitioner the property above described in fee simple, and forever, by said deed being recorded in Book 94, page 33, R. M. C. office for Dorchester County.

"5. That heretofore -the petitioner and the respondent entered into a contract for the purchase and sale of the tract of land hereinabove described wherein and whereby the respondent covenanted and agreed to pay unto the petitioner the sum of ten thousand ($10,000.00) dollars as the purchase price of said tract of land, and the petitioner covenanted and agreed to convey unto the respondent by a deed in fee simple to the lands described herein upon the payment of the sum of ten thousand ($10,000.00) dollars as aforesaid.

"6. That the Petitioner, in pursuance of said agreement tendered unto the respondent a deed in fee simple conveying the tract of land described herein, but that the respondent has failed and refused to accept the deed and pay unto the petitioner the sum agreed upon to be paid, to wit: ten thousand ($10,000.00) dollars."

Demurrer was "upon the ground that it appears upon the face of the Petition that the same fails to set forth facts sufficient to constitute a cause of action for the reason that the Petition purports to set forth a cause of action for the specific performance of a contract for the sale of a certain tract of land, and it affirmatively appears from the Petition that petitioners cannot perform the contract on their part for the reason that they do not own a fee simple title to the tract of land in question'".

In the order overruling the demurrer the following allegations of the petition were held sufficient to state a cause of

action for specific performance: (1) that petitioner owned the land in fee simple; (2) that it had been conveyed to him by a deed under which he held title in fee simple; (3) that he had entered into a contract to sell it to the respondent; (4) that he had tendered a deed pursuant to the contract; and (5) that respondent had refused to accept the deed. The order made no mention of the portion of the will of Anna Prudence Spell set out in paragraph 4 of the petition.

Appellant states the question on appeal thus: "Did the petition for specific performance show on its face that the proper legal construction of the will of the testatrix conclusively shows that the respondent did not have a fee simple title to the property?"

Entirely apart from the reference to Item 3 of the will of Anna Prudence Spell the allegations of the petition are, as the lower court held, sufficient to state a cause of action. But such reference to the will is, under a fair construction of the petition, inextricably woven into the fabric of the cause of action that the petitioner attempts to set fourth. Indeed, it is apparent from his brief that the conveyance to him by the executors of Anna Prudence Spell derived its efficacy from her will alone, and that it was not the intention of the petition to suggest otherwise.

It is elementary that in passing upon a demurrer the court is strictly limited to consideration of the pleading under attack, all of the factual allegations whereof that are properly pleaded are, for the purpose of such consideration, deemed admitted.

In the transcript of record before us are set out: (1) a stipulation to the effect that the parties admit the alleged agreement between them for the purchase and sale of the property in question; and (2) what purports to be the entire will of Anna Prudence Spell. Neither should have been included in the transcript. The alleged agreement is admitted by the demurrer; and the principle before mentioned precludes our consideration of any part of the will other than that which is set forth in the complaint.

The crux of the problem here lies in the interpretation of the expression in Item 3 of the will, "that the executors hereinafter named handle this estate to the one in the family that is most worthy and beneficial"; and in its consideration the following long-settled principles are applicable:

1. All rules of construction are directed toward the ascertainment of what the testator intended by the language used in his will, and to the effectuation of that intention if it be consistent with law. *Rogers v. Rogers,* 221 S. C. 360, 70 S. E. (2d) 637.

2. The law abhors intestacy and will indulge every presumption in favor of the validity of the will. *Meier v. Meier,* 208 S. C. 520, 38 S. E. (2d) 762.

3. The testator's intention need not be declared in express terms if it can be clearly inferred from particular provisions and from the general scope and import of the will. *Meier v. Meier, supra.*

4. The testator's intention is to be gathered from the whole instrument, its doubtful language being considered in the light of circumstances known to the testator at the time of its execution. *Shevlin v. Colony Lutheran Church,* 227 S. C. 598, 88 S. E. (2d) 674.

5. If the testator's intention can be clearly perceived, and is not contrary to some positive rule of law, it must prevail even though it involve the rejection or addition of words or a change in their literal meaning. *Finlay v. King's Lessee,* 3 Pet. 346, 7 L. Ed. 701; *Cabeen v. Gordon,* 1 Hill Eq. 51, 10 S. C. Eq. 51; *Clark v. Clark,* 19 S. C. 345; *Dillard v. Dillard,* 95 S. C. 86, 78 S. E. 1037; *Cannon v. Ballenger,* 222 S. C. 39, 71 S. E. (2d) 513.

The court below did not undertake to construe the expression "handle this estate to the one in the family most worthy and beneficial"; and we shall not undertake to do so upon consideration of Item 3, which is the only part of the will before us. But it is our opinion that whatever doubt as to the intention of the testatrix may be

occasioned by her use of the quoted expression is to be resolved from consideration of the will as a whole in the light of the principles of construction to which we have referred, and that the said expression is not upon its face so devoid of meaning or so impossible of interpretation as to render the complaint demurrable.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ.. concur.