17287

CHARLES J. FRANKS, Appellant, v. I. Q. ANTHONY, FRANK W. SOSSAMON, JR., and LOUIS SOSSAMON, Doing Business as Sassamon Construction Company; Wade S. Weatherford, Jr., and William E. Bell, Trustees, Respondents.

(97 S. E. (2d) 891)

*Harry L. Cline, Esq.,* of Gaffney, *for Appellant,*

*Wade S. Weatherford, Jr., Esq.,* of Gaffney, *for Respondents.*

May 2, 1957.

LEGGE, Associate Justice.

Charles J. Franks brought action on February 4, 1955, in the Court of Common Pleas for Cherokee County, against: I. Q. Anthony; Frank W. Sossamon, Jr. and Louis Sossamon, doing business as Sossamon Construction Company; and Wade S. Weatherford, Jr. and William E. Bell, Trustees. Two demurrers to the complaint were interposed, —one by Frank W. Sossamon, Jr., and Louis Sossamon, doing business as Sossamon Construction Company and the other by Weatherford and Bell. Appeal is from an order of the resident Circuit Judge, dated February 8, 1956, sustaining both demurrers.

The complaint alleged in substance:

1. That plaintiff and the defendant Anthony, as partners, operated a "plumbing and electrical contracting and retail store" in Gaffney, S. C., under the name of Anthony & Franks, from 1944 until January 1, 1952, when the partnership was dissolved.

2. That in connection with the dissolution the partners entered into a written agreement concerning the division of the partnership assets, a copy of the agreement being attached to the complaint as part thereof. That agreement

recited that the parties had agreed upon division of the material and supplies on hand, and that Anthony should pay to Franks $5,511.40, which he had done; and provided as follows:

(a) Franks conveyed to Anthony all of his right, title and interest in the material and supplies allotted to Anthony, and Anthony likewise conveyed to Franks his interest in the material and supplies allotted to Franks, allotment of certain motor vehicles being set out in detail;

(b) All accounts receivable should be divided equally between the parties as collected, "and either party hereto may collect, but before suit is brought by either, agreement shall be reached but should there be disagreement as to collection by suit then the one refusing to bring suit must purchase the said account at face value or allow the said suit to be brought in the partnership name";

(c) Each partner should have an itemized list of each account receivable; and

(d) Neither party should operate under the name "Anthony & Franks" or display any signs or lettering bearing that name, and all such signs or lettering should be removed within one week after the execution of the agreement.

3. That in violation of the said agreement, Anthony had neglected to remove the name of "Anthony & Franks" from the building in which the partnership had formerly operated and which he, Anthony, now possessed.

4. That Anthony had refused to account to the plaintiff for the partnership funds and accounts receivable.

5. That there had been owing to the partnership at the time of its dissolution, by Cherokee Heights, Inc., a corporation in which the defendant Anthony and his co-defendants Frank W. Sossamon, Jr., and Louis Sossamon were officers, a debt of several thousand dollars, the exact amount being unknown to the plaintiff; that on March 28, 1952, after threat of a mechanic's lien against its housing

project, on which the partnership had done considerable work, Cherokee Heights, Inc., had executed in favor of the partnership a "postponement of mechanic's lien", a copy of which was attached to the complaint as part thereof; and that the plaintiff "is entitled to an accounting on this matter". The "postponement of mechanic's lien" recited that the partnership of Anthony & Franks had performed plumbing and electrical work and had furnished materials in the construction of Cherokee Apartments, for which Cherokee Heights, Inc., was indebted to C. J. Franks and I. Q. Anthony "in an amount yet to be determined", for which the latter were entitled to file a mechanic's lien against said property; and concluded as follows:

"Know All Men By These Presents, That I, F. W. Sossamon, Jr., President of Cherokee Heights, Inc., for and in consideration of the said C. J. Franks forebearing from filing his mechanic's lien, do hereby agree and covenant to extend the time for the filing of the mechanic's lien above referred in favor of C. J. Franks until the 1st day of May, 1952, so as to allow the said C. J. Franks to file a mechanic's lien anytime after the 15th day of April and before the 1st day of May, 1952, in order for the said Cherokee Heights, Inc., may gain sufficient time to pay the said C. J. Franks for the same.

"Cherokee Heights, Inc. (Seal)
"By: F. W. Sossamon, Jr.
"F. W. Sossamon, Jr., President
"Attest:
"Louis Sossamon, Secretary"

6. That on May 29, 1952, an escrow agreement had been entered into whereby Cherokee Heights, Inc., agreed to turn over to Wade S. Weatherford, Jr., and William E. Bell, as trustees, the sum of $8,000.00, in consideration of forbearance on the part of Anthony and Franks to file a mechanic's lien against the aforesaid housing project. Following is the substance of that agreement, a copy of which was attached to the complaint and made a part thereof,

and the parties to which were F. W. Sossamon, Jr., I. Q. Anthony, and C. J. Franks:

(a) Anthony and Franks agreed with Sossamon that in consideration of the establishment by Sossamon of an escrow account in the amount of $8,000.00, to be held by William E. Bell and Wade S. Weatherford, Jr., as joint trustees, they would release Cherokee Heights, Inc., from any further claim for plumbing and electrical work, and would transfer any such claim to the said escrow fund.

(b) Sossamon agreed to establish the escrow fund by paying to Bell and Weatherford as joint trustees $8,000.00, to be held by them in Merchants and Planters National Bank in Gaffney, S. C., "until authorized to disburse same by the written authority of F. W. Sossamon, Jr., I. Q. Anthony and C. J. Franks, separately and individually, or upon direction and order of a court of competent jurisdiction".

(c) The parties agreed that the amount of the escrow fund "is the approximate amount remaining due on the bill of Anthony and Franks, but which amount is to be adjusted by the parties by agreement, it being also understood that any or all parties may resort to a court of competent jurisdiction to settle any issue as to the remaining bill which cannot be settled by the parties themselves".

(d) The parties further agreed "that the escrow fund may be held to answer to any judgment rendered by a court of competent jurisdiction relative to the plumbing and electrical work done by Anthony and Franks on the project known as Cherokee Heights, Inc., and that the parties herewith place the funds and the trustees under the jurisdiction of a court of equity having competent jurisdiction."

(e) The parties further agreed "that the trustees may appeal to a Court of competent jurisdiction in the event it is deemed necessary to do so to protect themselves as trustees of the funds."

(f) The parties further agreed that disbursement of the funds should be by signatures of both trustees, and upon

presentation of a written agreement, properly executed, witnessed and probated, "showing the respective interests of the parties, namely, F. W. Sossamon, Jr., I. Q. Anthony and C. J. Franks, in the escrow fund"; and "unless this is done within a period of thirty days from the date of this agreement, any or all parties may resort to such legal action as is deemed necessary"; and further, that "this agreement does not settle or affect any rights as exist between I. Q. Anthony and C. J. Franks".

7. "That the defendants Frank W. Sossamon, Jr., and Louis Sossamon, doing business as Sossamon Construction Company, claim an interest in said escrow account by virtue of certain work allegedly done for the partnership of Anthony & Franks. That the plaintiff does not have sufficient knowledge as to the amount due, if any, to these defendants".

8. "That as the exact amounts due to any of the defendants, if any, is not within the knowledge of the plaintiff but is completely within the knowledge of the defendants, the plaintiff believes and alleges that he is entitled to a full accounting of all the matters herein stated between the plaintiff and the defendants."

9. That the trustees, Weatherford and Bell, were made parties for the purpose of giving them notice of the action and bringing them and the fund within the jurisdiction of the court.

Prayer was for:

1. Accounting by the defendant Anthony as to all funds, accounts receivable, and other matters concerning the operation of the partnership;

2. An order requiring Anthony to remove plaintiff's name from the building now occupied by Anthony;

3. Accounting by Frank W. Sossamon, Jr., and Louis Sossamon, doing business as Sossamon Construction Company, as to all amounts due them by the partnership, and as to all amounts due by them to the partnership; and

4. Allowance of a reasonable fee for plaintiff's attorney.

The defendants Frank W. Sossamon, Jr., and Louis Sossamon, doing business as Sossamon Construction Company, demurred on the ground "that the complaint fails to allege facts and circumstances sufficient to constitute a cause of action", in four particulars, to which we shall later refer.

The defendants Wade S. Weatherford, Jr., and William E. Bell demurred on the ground "that the complaint fails to state facts sufficient to constitute a cause of action against said defendants", in three particulars, to which we shall later refer.

In his order of February 8, 1956, the Circuit Judge stated that the cause was before him on these demurrers and on three motions on the part of the defendants other than Anthony, and two motions on the part of the plaintiff. He sustained both demurrers and declined to pass upon any of the motions except that of the plaintiff for an order of reference, as to which his order provided that counsel might agree upon a referee or, failing to do so, advise the court of that fact, in which event a referee would be chosen by the court. Appeal is from so much of the order as sustained the demurrers.

Printed in full in the transcript of record are: (1) the answer of the defendant Anthony; (2) the answer of the defendants Frank W. Sossamon, Jr., and Louis Sossamon; (3) the answer of the defendant Weatherford; (4) the answer of the defendant Bell; and (5) notices of three of the five motions before mentioned. In our consideration of the appeal here we are concerned only with (a) the factual allegations of the complaint, and (b) the grounds of the demurrers. *Spell v. Traxler,* 229 S. C. 466, 93 S. E. (2d) 601; *Meetze v. Associated Press,* 230 S. C. 330, 95 S. E. (2d) 606. Inclusion of the other pleadings and the notices of motions unnecessarily overloads the record, contrary to the requirement of Section 3 of Rule 4 of this court.

It is elementary that a complaint is not demurrable for failure to state a cause of action if it contain allegations entitling the plaintiff to any relief. *Tolbert v. Greenwood Cotton Mill*, 213 S. C. 43, 48 S. E. (2d) 599; *Lakewood Water Co. v. Garden Water Co.*, 222 S. C. 450, 73 S. E. (2d) 720; *Spell v. Traxler, supra.*

Equally well settled is the rule that as against such demurrer the factual allegations of the complaint are to be considered as true and, together with relevant inferences reasonably deducible therefrom, are to be liberally construed in the plaintiff's favor. *Webber v. Farmers Chevrolet Co.*, 186 S. C. 111, 195 S. E. 139; *Williams v. United Insurance Co.*, 226 S. C. 574, 86 S. E. (2d) 486.

Though not categorically alleged, it may reasonably be inferred from the complaint that the escrow fund is in the hands of the defendant trustees. In addition to setting forth a cause of action against his former partner, Anthony, for accounting, the plaintiff by his complaint seeks to bring the escrow fund under the court's jurisdiction; to require the defendants Frank W. Sossamon, Jr., and Louis Sossamon, doing business as Sossamon Construction Company, to account for the claim that he alleges they have made against the said fund; and to obtain such adjudication as will be binding upon the trustees with respect to their distribution of the fund.

By their demurrer, Frank W. Sossamon, Jr., and Louis Sossamon doing business as aforesaid, charge that the complaint is insufficient because:

"(a) No amount of indebtedness is alleged;

"(b) No contract is alleged or agreement whereby indebtedness resulted;

"(c) The defendants are joined improperly in a partnership accounting and no facts or circumstances justify or are sufficient to make out a cause of action making it necessary that defendants be parties to the dispute between two partners;

"(d) The complaint fails to state the elementary particulars necessary to constitute a cause of action".

The allegations of the complaint charging that these defendants have made a claim against the escrow fund, that the plaintiff is without knowledge as to what amount, if any, is due them, and that they should be required to account therefor, are sufficient, we think, to withstand the challenge under (a) and (b).

With regard to (c), the complaint, literally construed, alleges a cause of action for accounting against these defendants as well as against Anthony. No question of misjoinder of causes of action is raised by the demurrer here.

(d) is too general to be considered. Code 1952, § 10-643; *Weathers v. City of Laurens*, 187 S. C. 297, 197 S. E. 317.

The specifications of the demurrer on the part of the trustees are:

"(a) No facts are shown which involve the defendants in any respect in the conflict of interests between Charles J. Franks and I. Q. Anthony and any accounting between them as former partners;

"(b) Said defendants never had any dealings with the partnership, know nothing of the affairs of said partnership, and will be unduly burdened to have to represent themselves through a partnership accounting with which they are not concerned;

"(c) No need or necessity for any affirmative relief against the defendants is in any respect shown and defendants are improperly joined in said action".

There is no suggestion of misfeasance on the part of the trustees, and no personal judgment against them is asked. But they are certainly proper parties to the cause, and, to the extent that the relief sought includes instruction by the court as to their duties in respect of distribution of the escrow fund, they are necessary par-

ties. This conclusion is warranted by the allegations of the complaint, as particularized by the escrow agreement, to the effect that the parties to that agreement intended to place the fund and the trustees under the equitable jurisdiction of the court. It is of no consequence that the trustees did not join in the execution of the escrow agreement; by accepting the fund they necessarily accepted the conditions of that agreement.

By specifications (a) and (b) of their demurrer, the trustees point out that they are not involved in the accounting between the plaintiff and his former partner, Franks. But, as we have mentioned, the allegations of the complaint extend also to accounting as between the plaintiff and Frank W. Sossamon, Jr., and Louis Sossamon, doing business as Sossamon Construction Company, so far as concerns the claim of the latter against the escrow fund. As to specification (c), the allegations of the complaint are such as to warrant the inference that the plaintiff may be entitled to affirmative relief in relation to the trustees to the extent of direction by the court as to their distribution of the fund.

Applying to the complaint the rules of liberal construction to which we have referred, we think that the learned circuit judge erred in sustaining the demurrers.

Reversed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.